UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUBERT VAZ-NAYAK, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-01482 |
| | § | |
| COUNTY OF MONTGOMERY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendants' Motion to Dismiss (Doc. #8), Plaintiffs' Response (Doc. #11), and Defendants' Reply (Doc. #13). Having reviewed the parties' arguments and the applicable legal authority, the Court grants Defendants' Motion to Dismiss.

**I.    Background**

Plaintiff Hubert Vaz-Nayak ("Plaintiff") and Children's Lighthouse of Spring (the "Lighthouse School") filed claims under 42 U.S.C. § 1983 alleging violations of the Fourth Amendment to the United States Constitution and Article I § 9 of the Texas Constitution for unlawful search and seizure against Defendants Montgomery County ("County"), Detective Jason Martinez ("Martinez"), and Lieutenant Jason Furches ("Furches"). Doc. #1 at 14–17. Plaintiff's claims arise out of actions taken by law enforcement officers at the Lighthouse School. Plaintiff alleges that he was detained without reasonable suspicion and arrested without probable cause. *Id.* at 14 ¶ 31. Additionally, Plaintiff alleges that the Lighthouse School was searched without a warrant. *Id.* at 15 ¶ 32.

On March 22, 2017, the Lighthouse School terminated an employee for "handling a child roughly." *Id.* at 3 ¶ 9. The school had onsite surveillance footage of the incident. The incident at the school was reported to the police. On March 23, 2017, officers from Montgomery County

came to the Lighthouse School seeking to obtain a copy of the surveillance video for the investigation of the incident involving the child. Plaintiff requested that the officers produce a search warrant before he would give them a copy of the surveillance video. Martinez told Plaintiff he did not need a warrant and demanded Plaintiff's driver's license. When Plaintiff asked, "Why," Martinez stated, "Because you are obstructing an investigation." Doc. #1 at 5 ¶ 12. Plaintiff again insisted that the officers needed a warrant before he would give them access to the video. Martinez then ordered Plaintiff to turn around and he handcuffed him for "obstructing a police investigation." *Id.*

Plaintiff's encounter with Furches was after Martinez had already detained Plaintiff. Plaintiff alleges that he was seated in a room handcuffed and that Furches closed the door to the room and spoke aggressively to him. Doc. #1 at 8–9 ¶ 20. Plaintiff alleges additional claims against Furches based upon the execution of the search warrant on March 27, 2017. *Id.* at 12–13 ¶¶ 26, 27. Plaintiff argues that Furches' actions amounted to Fourth Amendment violations for unlawful search and seizure. Doc. #11 at 2 ¶ 5a-b.

Montgomery County Defendants ("Defendants") now move to dismiss Plaintiff and Lighthouse School's claims under Fed. R. Civ. P. 12(b)(6). Defendants argue that the Plaintiff and Lighthouse School have not pled plausible claims against Furches and that Furches is entitled to qualified immunity. Furthermore, Montgomery County moves to dismiss Plaintiff and the Lighthouse School's claims arguing it cannot be held vicariously liable under Section 1983 for the actions of its employees. Doc. #8 at 7.

II.     **Legal Standard**

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual

allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) (quoting *Twombly*, 550 U.S. at 570).

### A. Qualified Immunity

"Government officials performing discretionary functions are entitled to qualified immunity from civil liability to the extent that 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Evaluating qualified immunity traditionally involves two-steps. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). One step is to consider whether "the facts alleged show the officer's conduct violated a constitutional right." *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004). The second step is to determine whether the defendant's actions were "objectively reasonable in light of clearly established law at the time of the incident." *Id.* "A court has discretion to decide which prong to consider first." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir.2013) (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)). A threshold issue in any qualified immunity analysis is "whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002).

### B. Municipal Liability

"[M]unicipal liability for actions by an employee cannot be sustained merely under a theory of respondeat superior or vicarious liability." *Bd. of Cnty. Comm'rs of Bryan County v.*

*Brown*, 520 U.S. 397, 403 (1997). To establish a Section 1983 claim against a municipality, the plaintiff must allege that the violation of a federally protected right resulted from the execution of a policy or custom adopted by that body's responsible policy makers. *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 691 (1978); *Mack v. City of Abilene*, 461 F.3d 547, 556 (5th Cir. 2006). The essential elements of municipal liability under Section 1983 include the following: a policymaker, and an official policy or custom which is the "moving force" behind a violation of constitutional rights. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694).

### III. Analysis

#### A. Furches is entitled to qualified immunity.

Plaintiff alleges unlawful search and seizure against Furches based upon three sets of facts. Doc. #1 ¶¶ 20, 26, 27. Plaintiff claims that Furches closed the door and did not permit another person to enter the room where Plaintiff was detained, that Furches aggressively yelled in his face, and that Furches touched the Lighthouse School Director Sandy Burns ("Burns") and yelled at Lighthouse School employees during the execution of the search warrant. The facts alleged against Furches, even if proven, do not amount to a violation of any clearly established right. Therefore, Furches is entitled to qualified immunity for the claims alleged against him.

First, closing the door to the room where Plaintiff was detained is not a violation of the Fourth Amendment. Plaintiff fails to point the Court to any case, nor does the Court find a case that identifies closing the door of a room where a person is detained as a violation of constitutional rights. Accordingly, Furches was not on notice of a clearly established right concerning closing a door to the room where Plaintiff was detained. Furthermore, Plaintiff was already handcuffed and detained in the room by another officer, Martinez. Furches may only be

4

held personally liable for his own unconstitutional conduct, not the conduct of another. *See Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Plaintiff alleged no facts that Furches participated in Plaintiff's detention, only that Furches would not allow "a witness into the room" with Plaintiff and that Furches "started closing the door to the room." Doc. #1 at 8 ¶ 20. Accordingly, Plaintiff has not shown that Furches violated a clearly established constitutional right, and therefore Furches is entitled to qualified immunity.

Second, Plaintiff alleges that Furches yelled at Plaintiff and other employees of the School. However, none of the facts concerning Furches yelling or using aggressive language, even if proven, give rise to a claim under 42 U.S.C. § 1983. "Mere threatening language and gestures by police officers do not amount to a constitutional violation." *Julscliff v. Wal-Mart*, No. 3-09-CV-2158-K-BD, 2010 WL 3431669, at *2 (N.D. Tex. July 23, 2010), report and recommendation adopted, No. 3:09-CV-2158-K, 2010 WL 3431664 (N.D. Tex. Aug. 30, 2010) (citing *Hines v. Graham*, 320 F. Supp. 2d 511, 520 (N.D. Tex. 2004) (citing *Robertson v. City of Plano*, 70 F.3d 21, 24 (5th Cir. 1995). Likewise, complaints of verbal abuse, threats, and harassment are not actionable under Section 1983. *Id.*, (citing *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993)). Accordingly, Furches is entitled to qualified immunity for the yelling allegations.

Third, Plaintiff alleges that Furches touched Burns during the execution of the search warrant and yelled at School employees. As to the facts alleged concerning Burns, Plaintiff cannot complain of alleged deprivations of Burns' constitutional rights, Plaintiff has no standing to do so. *See Rakas v. Illinois*, 439 U.S. 128, 133–34, (1978) ("Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted.")

Therefore, Plaintiff cannot allege a complaint against Furches for touching Burns.

Additionally, Plaintiff states that he found Furches' "behavior appalling" the day that the search warrant was executed. However, no constitutional right exists to protect Plaintiff from being "appalled." Alleged "rude remarks" by an officer are not a violation of any clearly established right. *Wallace v. Foster*, No. CIV.A. H-11-3388, 2013 WL 1155247, at *6 (S.D. Tex. Mar. 19, 2013). Therefore, any claims against Furches under the facts pled concerning his behavior during the execution of the search warrant on March 27, 2017 are not violations of any constitutional right and therefore Furches is entitled to qualified immunity.

### B. Plaintiff did not allege a plausible claim against Montgomery County

The only facts alleged against Montgomery County are that there is no "legal excuse for Montgomery County's agents' warrantless invasion and search of" the School. Doc. #1 at 15 ¶ 32. Municipalities are not vicariously liable for constitutional rights violations committed by their employees but may be liable if "their official policies cause their employees to violate another person's constitutional rights." *James v. Texas Collin Cty.*, 535 F.3d 365, 375 (5th Cir. 2008) (citations omitted).

Here, Plaintiff does not allege any facts concerning a Montgomery County policy or custom in his complaint. Plaintiff mentions in his Response to the Motion to Dismiss that "Montgomery County officials have a policy of not requiring officers to have a warrant, probable cause, or reasonable suspicion before detaining or searching individuals." Doc. #11 at 7 ¶ 16. However, merely making the conclusory allegations concerning a policy is not a properly alleged claim against the County. Plaintiff provides no factual support that a Montgomery County custom or practice is the moving force behind the alleged violation of his constitutional rights. *See Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848 (5th Cir. 2009) (Plaintiff must

6

establish that the policy was the moving force behind the violation and that the policy was promulgated by the municipality's policymaker in order to establish municipal liability under Section 1983). Plaintiff failed to allege any facts concerning municipal liability. Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiff and Lighthouse School's Section 1983 claims against the County.

## IV. Conclusion

For the aforementioned reasons, Defendants' Motion to Dismiss is GRANTED as to the claims alleged against Lieutenant Furches and Montgomery County. Therefore, the only remaining claims are those alleged against Defendant Martinez. Accordingly, Defendants Furches and Montgomery County are hereby dismissed as Defendants to this case.

It is so ORDERED.

MAR 2 5 2019
_____                    _____
Date                                                                  The Honorable Alfred H. Bennett
                                                                              United States District Judge